Flem Griffis was convicted of murder, and he appeals.
Affirmed.
Flem Griffis was convicted of murder and was sentenced to death. He has appealed and assigns error in failure to charge on the law of circumstantial evidence. He also questions the sufficiency of the evidence to prove premeditated design to kill John Calvin Graham.
Griffis had been married but was divorced from deceased's sister. The Graham family lived in Nassau County; Griffis lived in Duval County. There was one child from this union and its custody was a contributing factor to this trouble. The mother, who resided with her family, had custody of the child. During the period of time covering the separation and divorce and leading up to this crime, Griffis developed an intensely bitter feeling toward his former wife's family. He told several people that he was going to kill some or all of the Graham family. On the day of this crime he armed himself with a pistol, imbibed some alcohol and went to the Graham's home to see his child. He was met in the yard by one of the boys, Curtis Floyd Graham. After some words Griffis departed by invitation. About dark Griffis drove back by the Graham's home and hesitated for a moment in front of the house. A few minutes later the two Graham boys, Curtis Floyd and John Calvin, got in the family car and drove off in the same direction that Griffis' car had gone. The Graham boys were going for groceries. Several hours later the bodies of the two boys were found dead from pistol shots in their heads. There was no evidence of struggle. The doors of the car were shut; the ignition was on and the lights of the car were shining. An alarm was sent out and Griffis was apprehended at the home of his father in Georgia. He admitted the shooting but gave as his version that soon after he drove by the Graham's home he noticed the approaching car; that as it drove along by the side of his car he recognized the Graham boys' voices telling him to stop and talk. He went to their car and after some exchange of uncomplimentary words one of the boys struck him in the face, whereupon he fired three pistol shots and left.
In view of this testimony we cannot hold that failure to charge on circumstantial evidence was error. The charge was not requested and the point was not raised on the motion for a new trial.
On the second question we must also find the judgment without error. We have most carefully considered all the evidence and find it fully supports the charge that Griffis had formed an intent to kill any or all members of the Graham family. He communicated this intent to numerous people and confirmed it by a telephone message after the deed was done.
We find the evidence sufficient to support the verdict and judgment. The judgment is affirmed.
THOMAS, C.J., and TERRELL, CHAPMAN, SEBRING, BARNS, and HOBSON, JJ., concur. *Page 138